IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LANDON ANTHONY TAYLOR    *
       Petitioner,
    v.    *    CIVIL ACTION NO. JKB-16-1002

SUZI MALAGARI, *et al*.    *
       Respondents.
                                *****

**MEMORANDUM**

Petitioner Landon Anthony Taylor filed this petition for habeas corpus seeking relief pursuant to 28 U.S.C. § 2254, attacking his 2015 conviction in the Circuit Court for Montgomery County on one count of third-degree burglary. ECF No. 1. Because he appears indigent, Taylor's motion for leave to proceed in forma pauperis shall be granted. For reasons that follow, the petition for writ of habeas corpus will be dismissed without prejudice.

**Background and Procedural History**

By criminal indictment, Taylor was charged with one count of third-degree burglary and one count of second-degree assault. On December 10, 2015, he pled guilty to the third-degree burglary count. *See State v. Taylor*, Case No. 128012C (Circuit Court of Montgomery County) (copy attached). On February 3, 2016, Taylor was sentenced to ten years, all but 18 months suspended, and five years' supervised probation. The second-degree assault charge was nolle prossed. *Id*. No appeal was filed.

This petition, received for filing on April 4, 2016, raises a Sixth Amendment speedy trial claim. ECF No. 1 at pp. 5-6. Taylor acknowledges that the ground is being raised in this court for the first time because he "cannot receive a fair and impartial hearing in the state court." *Id*. at p. 4, ¶ 16.

**Analysis**

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination through federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

Exhaustion turns on two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)). Under this aspect of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Lack of exhaustion precludes federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State....").

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the precise constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c).  In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings.  *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994).  Exhaustion demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record.  The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."  *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 2001); *cf. Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988).  The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser*, 411 U.S. at 490.

Exhaustion is not required if at the time a federal habeas corpus petition is filed a petitioner has no available state remedy.  *See Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Bassett v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990).  Furthermore, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c); *see O'Sullivan*, 526 U.S. at 844 ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claim.").

The speedy trial claim raised here was not raised on direct appeal nor presented on post-conviction review, which plainly remains available to Taylor.  The claim is unexhausted and Taylor has failed to articulate special circumstances which would excuse exhaustion.  The

petition shall be dismissed without prejudice to afford Taylor the opportunity to exhaust his claims in state court by seeking review in a post-conviction proceeding under Md. Code Ann., Crim. Proc. Art., § 7-101, *et seq.*

### Conclusion

The instant petition for habeas corpus relief will be dismissed by separate Order. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. The court declines to issue a certificate of appealability.

Date: April 11, 2016                              _____/s/_____
                                                                James K. Bredar
                                                                United States District Judge